<div style="border:1px solid black; text-align:center;">

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

</div>

**EZRA THOMAS,**

            **Petitioner,**    1:16-cv-00018

   v.

**GOVERNMENT OF THE VIRGIN ISLANDS,**

            **Respondent.**

_____

TO:    Ezra Thomas, *Pro Se*
        P.O. Box 2951
        Frederiksted, VI  00841

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Petitioner's Response to Order to Show Cause (ECF No. 11).

By the Court's Order (ECF No. 2), entered April 21, 2016, Petitioner's "Complaint" (ECF No. 1) (which the Court construed and docketed as a petition for writ of habeas corpus) was dismissed without prejudice and the Clerk of Court was directed to provide Petitioner with a Section 2254 packet.  Further, Petitioner was instructed to complete and file the proper form.  Order (ECF No. 2) at 4-5.

On May 23, 2016, Petitioner filed a motion to proceed *in forma pauperis*, but failed to file a proper petition for writ of habeas corpus.  *See* ECF No. 5.  Petitioner had been cautioned that failure to file a proper petition by May 23, 2016, would result in dismissal of this action.  Order (ECF No. 2) at 5.  The Court then ordered Petitioner to show cause why

*Thomas v. Government of the Virgin Islands*
1:16-cv-00018
Order
Page 2

this matter should not be dismissed with prejudice for his failure to comply with the Court's said Order (ECF No. 2), entered April 21, 2016. Order to Show Cause (ECF No. 9), entered March 10, 2017. Petitioner's response to the Order to Show Cause gives no clear reason for Petitioner's failure to complete and file the proper form. At the same time, Petitioner requests that the Court appoint a lawyer to assist him. Resp. (ECF No. 11) at 3.

Although the document Petitioner titled "Complaint" is not a model of clarity, the Court thoroughly reviewed the filing and construed Petitioner's claim as a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Order (ECF No. 2) at 2. As Section 2254 provides, "[a] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody . . . ." 28. U.S.C. § 2254(a). At the time of filing, Petitioner was in custody at the Golden Grove Correctional Facility. *Id*. However, as evidenced by the address provided by Petitioner in his filing (ECF No. 8) of December 21, 2016, which document the Clerk of Court noted was hand delivered by Petitioner, it appears that Petitioner no longer is being held in custody at the Golden Grove Adult Correctional Facility or otherwise incarcerated. Consequently, any petition for writ of habeas corpus is moot.

Based upon the foregoing, the undersigned hereby **RECOMMENDS** that the Petition for a Writ of Habeas Corpus (ECF No. 1) in the above-captioned matter be **DISMISSED WITH PREJUDICE** and this matter be closed.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified

*Thomas v. Government of the Virgin Islands*
1:16-cv-00018
Order
Page 3

time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: March 20, 2017                    /s/ George W. Cannon, Jr.
                                         GEORGE W. CANNON, JR.
                                         MAGISTRATE JUDGE