DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EZRA THOMAS, | )<br>)<br>) |
| Petitioner, | ) |
| v. | )<br>) |
| | ) Civil Action No. 2016-00018 |
| GOVERNMENT OF THE<br>VIRGIN ISLANDS[1], | )<br>)<br>) |
| Respondent. | )<br>)<br>) |

**Appearances:**
Ezra Thomas, Pro Se

# MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on a Report and Recommendation ("R&R") issued by Magistrate Judge George W. Cannon, Jr. (Dkt. No. 12), pursuant to an initial screening of *pro se* Petitioner Ezra Thomas's ("Petitioner") "Complaint" (Dkt. No. 1). In his R&R, the Magistrate Judge recommends that Petitioner's "Complaint" (which was construed as a habeas petition, and hereinafter is referred to as "Petition") be dismissed with prejudice as moot. For the reasons that follow, the Court will accept the Magistrate Judge's R&R, as modified herein, and will dismiss the Petition with prejudice.

---

[1] In the caption of his handwritten "Complaint," Petitioner labeled himself as the defendant and the Government of the Virgin Islands as the plaintiff. Given that Petitioner, who is proceeding *pro se*, likely made this mistake without understanding his error, the Court has reversed the labels.

1

## I. BACKGROUND

In 2016, Petitioner was convicted in the Superior Court of the Virgin Islands of possession of stolen property in connection with the theft of an iPad at Sandy Point National Wildlife Refuge on St. Croix, Virgin Islands. *Thomas v. People*, 69 V.I. 913, 916 (V.I. 2018). On May 27, 2016, the court sentenced him to five years of incarceration, with all of the time suspended. *Id.* at 920. Additionally, the court placed him on probation for four years and ordered him to pay a $500 supervision fee and $75 in court costs. *Id.* He was also given credit for the 25 days he spent in prison. *Id.* His conviction was upheld by the Supreme Court of the Virgin Islands in 2018. *Id.* at 930.

Petitioner filed the instant Petition on April 20, 2016, while he was incarcerated at the Golden Grove Adult Correctional Facility on St. Croix.[2] Although Petitioner styled his initial filing as a "Complaint," the Magistrate Judge construed the filing as a habeas corpus petition brought under 28 U.S.C. § 2254. (Dkt. No. 12 at 1-2). Petitioner spends the bulk of his Petition addressing certain procedural and evidentiary issues that arose in the Superior Court. Although it does not appear that he explicitly asks the Court to grant him any relief regarding his incarceration, he does ask the Court to compel the local courts—both the Superior Court and Supreme Court—to address his trial-related concerns. The gravamen of his Petition—as best the Court can understand it—is that the Superior Court allegedly was ignoring various motions that he was filing during the pendency of his trial. (Dkt. No. 1 at 4-6). Specifically, he writes:

> [I] pray that the Court will enter an order compelling the V.I. Superior Court and the V.I. Supreme Court to respond to my motions and appeals by law. Especially

---

[2] It is not clear from the record whether Petitioner, on that date, was in prison in connection with the case at the center of his Petition or if he was incarcerated for other reasons. The caption of his Petition refers to Superior Court case numbers SX-2011-CR-474, SX-2011-CR-864, SX-2013-CR-34, SX-2014-CV-341 and Supreme Court case numbers 2014-0055 and 2014-0037.

>those motions filed [ ] pursuant to United State[s] Federal Law Rules and regulations.

(Dkt. No. 1 at 6). A later filing by Petitioner (Dkt. No. 8), which he hand-delivered to the Clerk's Office on December 21, 2016, indicated that Petitioner's mailing address was a P.O. Box in Frederiksted, St. Croix.

The Magistrate Judge issued an R&R in which he recommends that the Petition be denied. (Dkt. No. 12). The Magistrate Judge specifically cited the change in address as the basis for denial, explaining that the Petition was moot because it appeared that Petitioner was no longer incarcerated. (Dkt. No. 12 at 2). A copy of the Magistrate Judge's R&R was mailed to Petitioner via certified mail, return receipt requested. A return receipt signed by Petitioner was received, indicating that the R&R was delivered to Petitioner at the Frederiksted address on March 28, 2017. (Dkt. No. 15). Petitioner did not file any objections to the R&R.

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Review of R&R

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Where—as here—the party fails to file timely objections, there is no statutory requirement that the district court review the R&R before accepting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019) (citing

3

*Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Third Circuit has determined, however, that as a matter of good practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R under a plain error standard. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007) ("[P]lain error review is appropriate where a party fails to timely object to a magistrate judge's R&R."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'"). A plain error review involves a determination as to whether the R&R contains any "clear" or "obvious" error affecting the Petitioner's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that to meet the definition of a "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

      **B.**    **Mootness**

Subject matter jurisdiction refers to the Court's power to hear a case. *Cty. of Morris v. Nationalist Movement,* 273 F.3d 527, 533 (3d Cir. 2001). Such jurisdiction is a threshold matter and thus any challenge thereto must be resolved before any further proceedings. *Id.*

Article III of the Constitution provides that federal judicial power extends to cases and controversies. *See* U.S. Const. art III, § 2, cl.1. The mootness doctrine precludes federal courts

from issuing advisory opinions by requiring that an actual controversy exists between adverse litigants. *See, e.g., Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A justiciable case or controversy requires that a party have a continuing, personal interest in the outcome of the litigation. *See, e.g., Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.,* 832 F.3d 469, 476 (3d Cir. 2016) ("[M]ootness ensures that this [requisite personal] interest 'continues throughout' the duration of the case." (citing *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997)). In addition, when events subsequent to the filing of a case mean that the decision of the federal court will not have any effect in the matter before it, the case must be dismissed as moot. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 11 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed.'" (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

Because a suit must be justiciable throughout its pendency, a mootness challenge to subject matter jurisdiction may arise at any time. *See Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 346-47 (3d Cir. 2003); *Williams v. Sec'y Penn. Dep't of Corr.,* 447 Fed. App'x 399, 402 (3d Cir. 2011). A case is moot if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Phillips v. Penn. Higher Educ. Assistance Agency,* 657 F.2d 554, 569 (3d Cir. 1981), *cert. denied* 455 U.S. 924 (1982) (citations omitted).

5

### III. DISCUSSION

In the R&R, the Magistrate Judge did not address the merits of the Petition, instead recommending that it should be dismissed as moot. (Dkt. No. 12 at 2). Specifically, the Magistrate Judge found that, because Petitioner was no longer in custody, he no longer had a live habeas claim for the Court to address. *Id.* The Court finds no plain error in the Magistrate Judge's ruling.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (emphasis added). Moreover, "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *See Defoy v. McCullough*, 393 F.3d at 441 (3d Cir. 2005).

To the extent that Petitioner's challenge concerns his detention at Golden Grove, the Petition no longer presents an existing case or controversy, because Petitioner has since been released from custody. Accordingly, the instant Petition would be moot. Alternatively, to the extent that the Petition was functionally a motion to compel the local courts—both the Superior Court of the Virgin Islands and the Supreme Court of the Virgin Islands—to take action regarding various "motions and appeals" filed by Petitioner, this Court would be without authority to grant Petitioner the relief that he seeks. *See In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) ("Treating the papers filed by the petitioner as requesting the district court to issue a writ of mandamus compelling action by a state official, it is clear that the district court had no jurisdiction to grant such relief."). Accordingly, in either event, this Court lacks jurisdiction over the matter. The Petition will therefore be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

The R&R did not recommend whether a Certificate of Appealability ("COA") should issue in this case. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. AEDPA limits the issuance of a certificate of appealability to circumstances where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court is dismissing Thomas's Petition after determining that it lacks jurisdiction over this matter. The Court concludes that reasonable jurists would not find this assessment debatable or wrong. Accordingly, the Court will not issue a COA.

## V. CONCLUSION

Upon the Court's review of the record in this case, the Magistrate Judge's R&R is accepted as modified herein, and the Petition will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

Date: August 28, 2020 _____/s/_____
WILMA A. LEWIS
Chief Judge